UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DAVID REPATH (#484984)**  CIVIL ACTION

**VERSUS**

**JAMES LEBLANC, ET AL.**  NO. 20-00768-BAJ-RLB

RULING AND ORDER

This *pro se* prisoner action asserts a violation of procedural due process resulting from Defendants' unauthorized removal of funds from Plaintiff's offender account. Liberally construed, Plaintiff alleges that Department of Corrections (DOC) Secretary James Leblanc, Louisiana State Penitentiary (LSP) Warden Darryl Vannoy, and LSP Head of Offender Banking Saundra Rosso unilaterally "removed funds from his account" to satisfy a "restitution" award months after he pleaded guilty to theft in a prison disciplinary proceeding. (Doc. 1 at 4). Plaintiff contends that Defendants' actions "denie[d] his right to due process" because his "guilty plea was part of a plea bargain offered by the Disciplinary Board that [stated] no restitution would be charged," and because "D.O.C. policy clearly states that restitution is a sanction that can ONLY be handed down by the … Disciplinary Board," and *not* by decree of individual prison officials. (*Id.* at 4-5 (emphasis in original)). Plaintiff seeks declaratory and injunctive relief, and damages of $5,000 to compensate for the "inconvenience" and "mental suffering caused by the prolonged illegal actions." (*Id.* at 6).

Now before the Court is Defendants' **Motion To Dismiss Pursuant To Federal Rules Of Civil Procedure 12(b)(1) & 12(b)(6) (Doc. 14)**, which raises multiple defenses to Plaintiff's claims. First, Defendants contend that Plaintiff's official capacity claims seeking monetary damages are barred by Eleventh Amendment immunity. (Doc. 14-1 at 3-4). Second, Defendants argue that Plaintiff's individual capacity claims against Secretary LeBlanc and Warden Vannoy must be dismissed because Plaintiff fails to allege that these Defendants were personally involved in the removal of funds from Plaintiff's account, or that these Defendants implemented specific policies that resulted in removal of Plaintiff's funds. (*Id.* at 6-7). Third, Defendants assert that any claims against Banking Officer Rosso fail as a matter of law because Plaintiff lacks a property interest in the funds removed from his offender account. (*Id.* at 7-8). Finally, and in any event, Defendants contend that Plaintiffs' individual capacity claims must be dismissed because Defendants are shielded by qualified immunity. (*Id.* at 8-13).

The Magistrate Judge has issued a **Report and Recommendation (Doc. 18, "R&R")**, recommending that Defendant's Motion be granted in part, and that Plaintiff's official capacity claims for monetary damages be dismissed with prejudice. (*Id.* at 2-3). In all other respects, the R&R recommends that Defendants' Motion be denied, and that Plaintiff's remaining claims be allowed to proceed. (*Id.* at 3-6).

Defendants object to the R&R. (Doc. 21). Relevant here, Defendants argue that the R&R's analysis is flawed because Plaintiff's Complaint fails to identify specific

2

actions or policies attributable to each Defendant which resulted in the alleged deprivation, and thus Plaintiff's individual capacity claims must fail. (*Id.* at 3-5). Further, Defendants criticize the R&R for having failed to define the basis of the property right at stake, and what process was due before Defendants could deprive Plaintiff of his offender account funds. (*Id.* at 6-7). Finally, for the first time, Defendants argue that *any* official capacity claims fail because injunctive or declaratory relief awarded to Plaintiff must necessarily result in funds being paid by the State, thus running afoul of the Eleventh Amendment. (*Id.* at 2-3).

Plaintiff does not object to the Magistrate Judge's Report.

As an initial matter, and in the absence of any objection, the Court **APPROVES** the R&R's analysis of Plaintiff's official capacity claims for monetary damages, and **ADOPTS** that analysis as the Court's opinion herein. Plaintiff's official capacity claims for monetary damages are barred by the Eleventh Amendment and must be dismissed with prejudice.

That said, there is simply no basis for Defendants' assertion that Plaintiffs' official capacity claims for declaratory and injunctive relief must also be dismissed, either because Plaintiff cannot allege a cognizable due process claim, or because Plaintiff's claim, if proved, would necessarily result in payment of State funds. First, Plaintiff's due process claim is well-recognized under existing law. At bottom, Plaintiff alleges that prison officials removed funds from his account without authorization, notice, or the opportunity to object. Plainly Plaintiff enjoys a property

3

interest in his offender account funds, which cannot be deprived by fiat. *See, e.g., Smith v. Epps*, 326 F. App'x 764, 764 (5th Cir. 2009) (prisoner alleged cognizable procedural due process violation based on prison officials' unauthorized removal of funds from inmate account); *see also Stotter v. Univ. of Texas at San Antonio*, 508 F.3d 812, 822 (5th Cir. 2007) ("Property interests protected by the procedural due process clause include, at the very least, ownership of real estate, chattels, and money.").

Likewise, Plaintiffs' claim may be vindicated without running afoul of the Eleventh Amendment. As explained recently by the U.S. Court of Appeals for the Fifth Circuit:

> Under *Ex parte Young*, a case can proceed against individual state officials named in their official capacities when the claim is for an ongoing violation of federal law, but the relief sought must be prospective. *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002). Only a plaintiff's allegations are to be considered, not what was later proven or the relief that was granted: we are to conduct a "straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Id.* (alteration in original) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997). Also, the prospective relief must be equitable only, such as a declaratory judgment or an injunction. *Williams ex rel. J.E. v. Reeves*, 954 F.3d 729, 736 (5th Cir. 2020).

*Daves v. Dallas Cty., Texas*, 984 F.3d 381, 397–98 (5th Cir. 2020), *reh'g en banc granted, order vacated*, 988 F.3d 834 (5th Cir. 2021). Here, Defendants' alleged failure to afford Plaintiff any process whatsoever related to his offender account funds is an ongoing due process violation. If proved, this ongoing constitutional deprivation may

4

be remedied by simply affording Plaintiff an opportunity to challenge the removal of funds from his account. Any such relief is prospective *and* equitable, and would not require payment of any money by the State. As such, Plaintiff's claims for declaratory and injunctive relief are allowed under *Ex parte Young*, and may proceed. Accordingly, the Court also **APPROVES** the R&R's analysis of Plaintiff's official capacity claims for declaratory and injunctive relief and **ADOPTS** that analysis as the Court's opinion herein, as supplemented by the reasoning set forth in this Order.

Upon *de novo* review, however, the Court agrees with Defendants that Plaintiff's individual capacity claims, in their current form, are subject to dismissal. Even affording Plaintiff the benefit of liberal construction and all inferences in his favor, there are simply no allegations establishing Defendants' personal involvement in the events that resulted in removal of funds from Plaintiff's account. Likewise, there are no allegations establishing that Defendants implemented wrongful policies that resulted in removal of Plaintiff's funds. As such, there is no basis to assign individual liability to Secretary LeBlanc, Warden Vannoy, and Banking Officer Rosso, and Plaintiff's individual capacity claims necessarily fail. *See Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983) ("To be liable under section 1983, a sheriff must be either personally involved in the acts causing the deprivation of a person's constitutional rights, or there must be a causal connection between an act of the sheriff and the constitutional violation sought to be redressed. A causal connection may be established, for section 1983 purposes, where the constitutional deprivation

5

and practices occur as a result of the implementation of the sheriff's affirmative wrongful policies by his subordinates, or where the sheriff wrongfully breaches an affirmative duty specially imposed upon him by state law, and as a result thereof, the complained of constitutional tort occurs." (citations omitted)).

Accordingly, having carefully considered the matter, the Court **APPROVES IN PART** the Magistrate Judge's Report and Recommendation (Doc. 18) and **ADOPTS** it as the Court's opinion regarding Plaintiff's official capacity claims, as set forth herein. The Court declines to adopt the R&R as it relates to Plaintiff's individual capacity claims. These claims will be dismissed *without* prejudice, allowing Plaintiff to file an amended complaint within 60 days of the date of this Order,

In sum,

**IT IS ORDERED** that Defendants' Motion To Dismiss Pursuant To Federal Rules Of Civil Procedure 12(b)(1) & 12(b)(6) (Doc. 14) be and is hereby **GRANTED IN PART**.

**IT IS FURTHER ORDERED** and that Plaintiff's official capacity claims for monetary damages be and are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's individual capacity claims against Defendants Secretary James LeBlanc, Warden Darrel Vannoy, and Banking Officer Saundra Rosso be and are hereby **DISMISSED WITHOUT PREJUDICE** to Plaintiff's right to file an amended complaint within 60 days of the date of this Order. Plaintiff's amended complaint, if any, shall specifically set forth each of the named

Defendants' personal involvement in the events that resulted in removal of funds from Plaintiff's account, and/or identify specific wrongful policies implemented by Defendants that resulted in removal of Plaintiff's funds.

**IT IS FURTHER ORDERED** that in all other respects, Defendants' Motion To Dismiss be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that this matter be and is referred back to the Magistrate Judge for further proceedings consistent with this Order.

Baton Rouge, Louisiana, this 2nd day of November, 2021

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**