# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DAVID REPATH (#484984)**      **CIVIL ACTION**

**VERSUS**

**20-768-BAJ-SDJ**

**JAMES LEBLANC, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 25, 2022.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID REPATH (#484984)                                    CIVIL ACTION

VERSUS
                                                          20-768-BAJ-SDJ
JAMES LEBLANC, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Second Motion to Dismiss filed on behalf of Defendants Secretary James LeBlanc, Warden Darrell Vannoy, and Saundra Rosso (R. Doc. 24). The Motion is not opposed.

The *pro se* Plaintiff, an inmate incarcerated at Louisiana State Penitentiary, filed this proceeding against Defendants, complaining that his constitutional rights were violated due to removal of funds from his inmate account without due process. He seeks monetary, declaratory, and injunctive relief.

On November 2, 2021, Plaintiff's claims against Defendants in their official capacities were dismissed. Additionally, Plaintiff was granted 60 days to amend his Complaint to "specifically set forth each of the named Defendants' personal involvement in the events that resulted in removal of funds from Plaintiff's account, and/or identify specific wrongful policies implemented by Defendants that resulted in removal of Plaintiff's funds." *See* R. Doc. 22. On December 30, 2021, Plaintiff filed an Amended Complaint. *See* R. Doc. 23.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants assert that Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a

motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id*. (citation omitted). The court need not, however, accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his original Complaint, Plaintiff alleged the following: as part of a plea bargain, Plaintiff pled guilty to violations of Rule 30 and Rule 22 (theft) for removing funds from the

account of another offender. At the time of the disciplinary proceedings, it was stated that no restitution was required.

Months later, funds were removed from Plaintiff's account when the Department of Corrections determined that Plaintiff was required to pay restitution. Since the determination was not made as part of a disciplinary or other type of proceeding, Plaintiff was unable to appeal the decision.

In his Amended Complaint, Plaintiff alleges the following: Defendant Rosso, the head of Offender Banking, placed a hold on his inmate account and later removed $800.00 from the same account. In response to Plaintiff's grievance regarding the removal of funds from his inmate account, Defendant Rosso stated that Plaintiff was not ordered to pay restitution but, in response to a grievance filed by another offender, Headquarters determined that Plaintiff's account should be frozen on a debt hold until stolen funds were returned. Defendant Rosso noted on other documents that Plaintiff had paid $800.00 in "restitution." Defendant Rosso had the opportunity to review Departmental Regulation No. B-05-003 and should have known that it was wrong to remove the funds from Plaintiff's inmate account. Defendants Vannoy and LeBlanc also had the opportunity to review the aforementioned regulation but denied Plaintiff's grievance at the First and Second Steps.

Defendants assert that they are entitled to qualified immunity in connection with Plaintiff's claims. The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional

rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id*. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id*.

Undertaking the qualified immunity analysis, the Court finds that Defendants' motion should be denied in part. Plaintiff's allegations, accepted as true, state a claim for violation of his right to procedural due process by defendant Saundra Rosso.

The 14th Amendment to the United States Constitution protects against deprivations of life, liberty, and property without due process of law. Deprivations may be "random and unauthorized" or made pursuant to policy. The "random and unauthorized" deprivation of property neither violates the Constitution nor states a claim under 42 U.S.C. § 1983 when adequate state post-deprivation remedies are available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The adequate-state-remedies analysis is not applicable if the deprivation of property results from "established state procedure, rather than random and unauthorized action." *See Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 435-36 (1982).

In order for a prison official to be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights, or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Any allegation that a defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient

to state a claim under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 F. App'x. 715, 716–17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability"). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must allege that the deprivation of his constitutional rights occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law. *Lozano v. Smith*, *supra*, 718 F.2d at 768.

With regards to Defendants Vannoy and Leblanc, Plaintiff has not alleged that these Defendants were personally involved in the removal of funds from Plaintiff's inmate account. Nor has Plaintiff alleged that removal of fund from his inmate account was carried out by a subordinate of Vannoy or LeBlanc pursuant to a wrongful policy implemented by either of these Defendants. Rather, Plaintiff asserts that Defendants Vannoy and LeBlanc were personally involved by wrongfully denying and/or acquiescing to the denial of his grievance.

An inmate does not have a constitutional right to have his prison disciplinary or administrative proceedings (including informal complaints) properly investigated, handled, or favorably resolved, *Mahogany v. Miller,* 252 F.App'x. 593, 595 (5th Cir. 2007), and there is no procedural due process right inherent in such a claim. As stated by the United States Court of Appeal for the Fifth Circuit in *Geiger v. Jowers,* 404 F.3d 371 (5th Cir. 2005) (in the context of the handling of an administrative grievance):

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous…[The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his

satisfaction. As he relies on legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless. *Id*. at 373-74.

With regards to Defendant Rosso, Plaintiff alleges that she first placed a hold on Plaintiff's inmate account, then later removed $800.00 from the same account several months after his disciplinary proceedings were completed. Defendants assert that the actions of Defendant Rosso were authorized by Louisiana Revised Statute 15:866.2(C), which provides in pertinent part:

> "At the conclusion of a disciplinary proceeding against a prisoner, which proceeding indicates that property was obtained by the inmate through fraud or misrepresentation… said property shall be returned to the complaining victim upon his submission of an affidavit setting forth the facts of the fraudulent or misrepresented transaction and his request that the property be returned to him. All such property allegedly obtained through fraud or misrepresentation may be suspended or held in the inmate's prison account … by the warden pending outcome of the disciplinary proceeding and receipt of the complainant's affidavit."

However, Plaintiff alleges that as part of a plea bargain, he pled guilty to violations of Rule 30 and Rule 22 (theft) for removing funds from the account of another offender. Plaintiff further alleges that Defendant Rosso did not place a hold on his account until several months later after the disciplinary proceeding was no longer pending. Plaintiff alleges that the funds were later removed from his inmate account by Defendant Rosso without reasonable notice and an opportunity to contest the deprivation because return of the funds was not considered in connection with his disciplinary hearing, which was the only hearing afforded to Plaintiff. As such, Plaintiff did not have an opportunity to contest the deprivation.

Compare *Greer v. Cain*, 2013 WL 6230332 (M.D. La. 12/2/13), wherein the plaintiff was charged with a Rule 30-D violation for engaging in a nonprofessional relationship with a security guard, and Rule 30-H violation for improperly receiving funds, in the amount of $1900.00, in his inmate account from the guard. While an investigation was pending regarding the Rule 30-H

violation, a hold was placed on the plaintiff's inmate account. A hearing was later conducted, and the plaintiff was found guilty of the Rule 30-D violation, but not the Rule 30-H violation. A separate confiscation hearing was conducted regarding the funds received from the security officer, and the plaintiff was advised that a hold would remain on his account until $1900.00 was seized from his account. This Court concluded that the plaintiff failed to assert a claim for denial of property without due process because Greer was given reasonable notice of the deprivation (a hold was placed pending the outcome of the disciplinary proceeding) and he was given an opportunity to contest the deprivation (at the separate confiscation hearing.)

Unlike the plaintiff in *Greer,* Plaintiff herein alleges he was not provided with adequate notice or an opportunity to contest the deprivation of funds from his inmate account. In the instant matter, accepting Plaintiff's allegations as true, Plaintiff has stated a claim against Defendant Rosso for a due process violation.

Nevertheless, Plaintiff's claim for compensatory damages, asserted against Defendant Rosso in her individual capacity, is subject to dismissal pursuant to 42 U.S.C. § 1997e(e) because he does not allege any physical injury in connection with his claim. *See* 42 U.S.C. § 1997e(e) ("No federal civil action may be brought by a prisoner confined to a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."); *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (holding that § 1997e(e) bars compensatory damages for allegations of "mental anguish, emotional distress, psychological harm," and the like.)

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that Defendants' Motion to Dismiss (R. Doc. 24) be granted, in part, and Plaintiff's claims asserted against Defendants LeBlanc and

Vannoy be dismissed, with prejudice. It is further recommended that Plaintiff's claim for compensatory damages be dismissed, with prejudice. Finally, it is further recommended that in all other regards the Motion be denied and that this matter be referred back to the Magistrate Judge for further proceedings herein.

Signed in Baton Rouge, Louisiana, on July 25, 2022.

*[signature]*

**SCOTT D. JOHNSON
UNITED STATES MAGISTRATE JUDGE**